UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN SECTION

| | |
|---|---|
| LITCHFIELD FINANCIAL CORPORATION, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| METRO LAND & INVESTMENT COMPANY, METRO LAND & INVESTMENTS, L.C., JERRY P. WHITLEY, DENA M. WHITLEY, JOSEPH F. MCCONLEY, and THYRA MCCONLEY, | : 01-30111-MAP |
| Defendants. | : |

**COMPLAINT**

Plaintiff Litchfield Financial Corporation ("Litchfield"), by and through its undersigned counsel, files this Complaint against Defendants Metro Land & Investment Company ("Metro Land"), Metro Land & Investments, L.C. ("Metro Land LC"), Jerry P. Whitley ("Whitley"), Dena M. Whitley ("Mrs. Whitley"), Joseph F. McConley ("McConley"), and Thyra McConley ("Mrs. McConley") (collectively "Defendants"). In support of its Complaint, Litchfield avers as follows:

### Nature Of The Action

1.  This is an action for breach of Defendants' obligations under several agreements with Litchfield, including (i) a "Purchase Agreement," (ii) several, related "Continuing Guarantee Agreements," (iii) a "Mortgage Note," and (iv) a "Forbearance Agreement."

2.  Whitley and McConley are residential real estate developers who operate in the State of Texas both individually and through the two business enterprises that they jointly own

241285

and control, known as Metro Land and Metro Land LC.

3. Under the terms of the Purchase Agreement, Whitley, McConley, Metro Land, and Metro Land LC (collectively, the "Developers") financed their business operations, in part, by selling to Litchfield, at a discounted value, promissory notes executed by buyers of parcels of land sold by the Developers (collectively, the "Promissory Notes").

4. In the event of a default under any of the Promissory Notes, the Developers were obligated under the Purchase Agreement (i) to repurchase the defaulted Promissory Note at a specified price from Litchfield, or (ii) to substitute the Promissory Note with another instrument having an equal or greater value.

5. The Developers' performance under the Purchase Agreement, as well as the individual obligors' performance under the Promissory Notes, was guaranteed by Whitley, Mrs. Whitley, McConley, Mrs. McConley, and Metro Land LC (collectively, the "Guarantors") under the terms of several Continuing Guarantee Agreements (collectively, the "Guarantees").

6. Whitley, Mrs. Whitley, McConley, Mrs. McConley, and Metro Land LC (collectively, the "Borrowers") also entered into a separate loan transaction with Litchfield, under which Litchfield financed the acquisition of a parcel of real estate, which the Developers intended to develop for resale to residential buyers. The Borrowers' obligation to repay this loan is evidenced by the Mortgage Note and secured by a "Deed of Trust" and a "Warranty Deed With Vendor's Lien."

7. As of April, 1999, there were a number of Promissory Notes that were in default; however, neither the Developers nor the Guarantors had honored their respective contractual obligations to cure those defaults.

8. In an effort to permit Defendants an opportunity to remedy their defaults under

241285

the Purchase Agreement and the Guarantees, Litchfield entered into the Forbearance Agreement with Metro Land, Metro Land LC, McConley, and Thyra McConley. Under the Forbearance Agreement, Litchfield agreed to forbear from exercising its legal and equitable remedies under the Purchase Agreement and the Guarantees in exchange for, among other things, these Defendants' promise to liquidate certain defaulted Promissory Notes and other collateral and pay the proceeds thereof to Litchfield by no later than December 31, 1999.

9. Metro Land, Metro Land LC, McConley, and Thyra McConley failed to honor their obligations under the Forbearance Agreement. Meanwhile, Defendants' defaults under the Purchase Agreement and Guarantees increased and continued to accumulate.

10. At this time, no less than seventy-nine Promissory Notes are in default. Despite Litchfield's repeated demands, neither the Developers nor the Guarantors cured these defaults by either (i) paying to Litchfield the sums due under the defaulted Promissory Notes, or (ii) repurchasing or replacing the defaulted Promissory Notes.

11. At this time, the Mortgage Note is in default. Despite Litchfield's repeated demands, the Borrowers have failed to pay the outstanding principal balance plus accrued interest under the Mortgage Note to Litchfield.

12. In this action Litchfield seeks to recover the sums due it under the Purchase Agreement, the Guarantees, the Mortgage Note, and the Forbearance Agreement, which total not less than $2,417,362.71.

### Jurisdiction And Venue

13. This Court has jurisdiction over this action under 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

241285

14. Venue is properly laid in this District under 28 U.S.C. §§ 1391(a)(2) or (3) in that (i) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District; or (ii) one or more of the Defendants is subject to personal jurisdiction in this District. Defendants Metro Land, Metro Land LC, McConley, and Thyra McConley have also consented to the selection of this Court as a proper venue for this action.

### The Parties

15. Litchfield is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 430 Main Street, Williamstown, Massachusetts 01267.

16. Metro Land is, upon information and belief, a general partnership organized and existing under the laws of the State of Texas, with its principal place of business located at 5424 Rufe Snow Drive, Suite 105, North Richland Hills, Texas 76180. Upon information and belief, Defendants Whitley and McConley are the general partners of Metro Land.

17. Metro Land LC is, upon information and belief, a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 5424 Rufe Snow Drive, Suite 105, North Richland Hills, Texas 76180. Upon information and belief, Whitley and McConley are the only members and the managers of Metro Land LC.

18. Whitley is an adult individual who, upon information and belief, (i) is a citizen of the State of Arkansas, and (ii) resides at 1221 Ira Williams Road, Benton, Arkansas 72051.

19. Mrs. Whitley is an adult individual who, upon information and belief, (i) is the wife of Whitley, (ii) is a citizen of the State of Arkansas, and (iii) resides at 1221 Ira Williams Road, Benton, Arkansas 72051.

241285

20. McConley is an adult individual who, upon information and belief, (i) is a citizen of the State of Texas, and (ii) resides at Lincoln Oak Drive North, Number 691, Fort Worth, Texas 76132.

21. Mrs. McConley is an adult individual who, upon information and belief, (i) is the wife of McConley, (ii) is a citizen of the State of Texas, and (iii) resides at Lincoln Oak Drive North, Number 691, Fort Worth, Texas 76132.

**Factual Background**

### A. *The Purchase Agreement And Corresponding Guarantees*

22. In or around June 1995, Litchfield entered into the Purchase Agreement with Whitley, McConley and Metro Land. Under the terms of the Purchase Agreement, Whitley, McConley, and Metro Land agreed to sell and Litchfield agreed to purchase the Promissory Notes.

23. In the event of a default under the terms of any of the Promissory Notes purchased by Litchfield, *i.e.*, in any case where the borrower(s) who signed a note failed to make installment payments of principal and/or interest required under that note (an "Ineligible Loan"), the Purchase Agreement obligated Whitley, McConley and Metro Land to:

- Repurchase the Ineligible Loan from Litchfield for the sum of the outstanding unpaid principal balance, plus accrued interest; or
- Substitute for the Ineligible Loan another performing Promissory Note at least equal to the Ineligible Loan in terms of unpaid principal balance, accrued interest, stated interest rate, remaining term, monthly payment amount, and credit quality.

24. For purposes of inducing Litchfield to enter into the Purchase Agreement,

241285

Whitley, McConley, Mrs. Whitley, and Mrs. McConley entered into one or more Guarantee agreements by which each of them agreed, jointly and severally, to guarantee (i) Whitley's, McConley's, and Metro Land's performance of their contractual obligations under the Purchase Agreement, and (ii) the individual obligors' performance of their contractual obligations under the Promissory Notes.

25. Upon information and belief, Whitley and McConley formed Metro Land LC in or around 1997. Thereafter, Metro Land LC agreed to be bound by the terms of the Purchase Agreement, and pursuant thereto, Metro Land LC began selling Promissory Notes to Litchfield.

26. For purposes of inducing Litchfield to continue purchasing Promissory Notes from Whitley, McConley, Metro Land, and Metro Land LC under the terms of the Purchase Agreement, Whitley, McConley, Mrs. Whitley, Mrs. McConley, and Metro Land LC entered into additional Guarantees, obligating them, jointly and severally, to guarantee (i) Whitley's, McConley's, Metro Land's, and Metro Land LC's performance of their contractual obligations under the Purchase Agreement, and (ii) the individual obligors' performance of their contractual obligations under the Promissory Notes.

27. Under the terms of their respective Guarantees, Whitley, McConley, Mrs. Whitley, Mrs. McConley, and Metro Land LC promised, among other things:

- That upon the default of any borrower under any Promissory Note purchased by Litchfield, the indebtedness evidenced by that note would become the primary obligation of each Guarantor; and
- To pay the full amount of the indebtedness under any Ineligible Loan; and
- To cure any default by the Developers in the performance of any obligation under the Purchase Agreement, including the obligation to

241285

        repurchase an Ineligible Loan or replace it with a different, performing promissory note; and

- To indemnify and hold Litchfield harmless of and from any direct, indirect, or consequential damages arising out of the default of the Developers under the Purchase Agreement.

28. The Guarantors also agreed under the Guarantees to pay Litchfield's attorney's fees in connection with the enforcement of the Purchase Agreement or the Guarantees.

29. In reliance upon the promises of the Developers in the Purchase Agreement and the Guarantors in the Guarantees, Litchfield purchased numerous Promissory Notes from the Developers over a number of years beginning in 1995 and continuing through 1998.

### B. *The Mortgage Note*

30. On or about September 12, 1997, Litchfield and Metro Land LC, Whitley, Mrs. Whitley, McConley, and Mrs. McConley entered into the Mortgage Note.

31. Pursuant to the Mortgage Note, Litchfield loaned to Metro Land LC, Whitley, Mrs. Whitley, McConley, and Mrs. McConley the sum of $824,000.00. Upon information and belief, some or all of the $824,000.00 was used to acquire and develop for resale approximately 175.148 acres of real estate located in Parker County, Texas commonly known as the "Pate Ranch."

32. Under the terms of the Mortgage Note, Metro Land LC, Whitley, McConley, Mrs. Whitley, and Mrs. McConley promised to pay to Litchfield on or before March 12, 1999 the sum of $824,000.00, together with interest (at prime plus 4% with 12% as a floor) payable monthly.

33. The Mortgage Note is secured by a Deed of Trust, of which Litchfield is the Beneficiary, and a Warranty Deed With Vendor's Lien in favor of Litchfield, each dated

241285

September 12, 1997, on the Pate Ranch property.

### C. *The Forbearance Agreement*

34. Over the years of dealings between the Developers and Litchfield, some of the Promissory Notes purchased by Litchfield became Ineligible Loans. Upon demand from Litchfield, the Developers and/or the Guarantors have in the past honored their respective contractual obligations by repurchasing from Litchfield the Ineligible Loans or by substituting performing Promissory Notes for the Ineligible Loans.

35. As of April 1999, there were outstanding Ineligible Loans having an aggregate principal balance of not less than $1,221,085.00, plus accrued interest thereon of not less than $11,570.00, for which the Developers and Guarantors had not honored their respective obligations under the Purchase Agreement and the Guarantees to repurchase or replace the Ineligible Loans

36. Thereafter, in or around June 1999, Litchfield and Metro Land, Metro Land LC, McConley and Mrs. McConley entered into a "Forbearance Agreement," whereby Litchfield agreed to forbear from enforcing its rights under the Purchase Agreement and the Guarantees until December 31, 1999 in exchange for Metro Land's, Metro Land LC's, McConley's, and Mrs. McConley's agreement:

- To release to Litchfield the funds held in a "reserve account" under the terms of the Purchase Agreement;

- To liquidate by sale or foreclosure the properties securing the outstanding Ineligible Loans;

- To sell on or before December 31, 1999 the Pate Ranch property for a net sales price of not less that $375,000.00, and to deliver the proceeds of such

241285

    sale to Litchfield; and

- To sell on or before December 31, 1999 a parcel of real property known as the "Brown Estate Ranch" for a net sales price of not less that $40,000.00, and to deliver the proceeds of such sale to Litchfield.

37. Under the terms of the Forbearance Agreement, Metro Land, Metro Land LC, McConley, and Mrs. McConley also confirmed and ratified that:

- The Purchase Agreement is legal, valid, binding upon, and enforceable against Metro Land, Metro Land LC, Whitley, and McConley;

- Metro Land LC is liable for Metro Land's obligations under the Purchase Agreement to repurchase or replace any Ineligible Loans;

- The Guarantees are legal, valid, binding upon and enforceable against the Guarantors; and

- None of them have any defenses, counterclaims, setoffs, recoupments or other adverse claims or causes of action against Litchfield.

38. Under the express terms of the Forbearance Agreement, Metro Land, Metro Land LC, McConley, and Mrs. McConley also agreed to release Litchfield from any and all existing claims.

39. In connection with the Forbearance Agreement, Metro Land, Metro Land LC, McConley and Mrs. McConley also executed an "Agreement for Judgment," under which they agreed to the entry of judgment by this Court against them and in favor of Litchfield in the amount of $1,255,503.00.

**D.** *Defendants' Defaults Under The Purchase Agreement, The Guarantees, The Mortgage Note, And The Forbearance Agreement*

40. Metro Land, Metro Land LC, McConley, and Mrs. McConley did not live up to their obligations under the Forbearance Agreement by, among other things, failing to:

- Liquidate by sale or foreclosure the properties securing the outstanding Ineligible Loans, and

- Sell the Pate Ranch and the Brown Estate Ranch for minimum sales prices totaling $415,000.00, and to pay the proceeds of the sales to Litchfield.

41. Metro Land, Metro Land LC, Whitley, and McConley continue to be in default of their joint and several obligations under the Purchase Agreement to repurchase or replace at least seventy-nine Ineligible Loans, which have a total outstanding balance of principal and accrued interest of not less than $2,002,362.71.

42. Metro Land LC, Whitley, McConley, Mrs. Whitley, and Mrs. McConley continue to be in default of their joint and several obligations under their respective Guarantees to cure the default of the Developers and/or the obligors of the Promissory Notes by repurchasing or replacing at least seventy-nine Ineligible Loans, which have a total outstanding balance of principal and accrued interest of not less than $2,002,362.71.

43. Metro Land LC, Whitley, McConley, Mrs. Whitley, and Mrs. McConley continue to be in default of their joint and several obligations under their Mortgage Note as a result of their failure to pay to Litchfield the outstanding balance of principal and accrued interest of $56,194.05.

44. Litchfield has made demand upon each Defendant to pay the indebtedness under the Purchase Agreements, the Guarantees, the Mortgage Note, and the Forbearance Agreement; however, Defendants have failed to pay any of the indebtedness to Litchfield.

45. As a result of result of Defendants' defaults under the Purchase Agreement, the

Guarantees, the Mortgage Note, and the Forbearance Agreement, Litchfield has suffered damages of not less than $2,417,362.71, which sum represents the total amount of the outstanding principal and interest due under the Ineligible Loans, and the amounts due under the Mortgage Note, and/or the Forbearance Agreement to date.

## COUNT I
### Breach Of The Purchase Agreement
(Litchfield v. Metro Land, Metro Land LC, Whitley, and McConley)

46. Litchfield incorporates by reference, as if set forth at length herein, each and every allegation of paragraphs 1 through 45 of this Complaint.

47. Litchfield has complied with all of its obligations under the Purchase Agreement.

48. Metro Land, Metro Land LC, Whitley, and McConley are in breach of their respective obligations under the Purchase Agreement by failing to repurchase or replace at least seventy-nine Ineligible Loans, which have a total outstanding balance of principal and accrued interest of not less than $2,002,362.71.

49. As a direct and proximate result of Metro Land's, Metro Land LC's, Whitley's, and McConley's breach of the Purchase Agreement, Litchfield has suffered injury and damages resulting from its failure to receive payments of principal and accrued interest in an amount not less than $2,002,362.71 due under the Ineligible Loans, as well as the imposition of attorneys' fees and costs in instituting this action.

WHEREFORE, Plaintiff Litchfield Financial Corporation respectfully requests that this Court enter judgment in its favor and against Defendants Metro Land & Investment Company, Metro Land & Investments, L.C., Jerry P. Whitley, and Joseph F. McConley, jointly and severally, and award damages in an amount not less than $2,002,362.71, together with attorneys' fees, interest, costs and such other and further relief as this Court deems just and proper.

241285

## COUNT II
### Breach Of The Guarantees
(Litchfield v. Metro Land LC, Whitley,
McConley, Mrs. Whitley, and Mrs. McConley)

50. Litchfield incorporates by reference, as if set forth at length herein, each and every allegation of paragraphs 46 through 49 of this Complaint.

51. Litchfield has complied with all of its obligations under the Guarantees.

52. Metro Land LC, Whitley, McConley, Mrs. Whitley and Mrs. McConley are in breach of their respective obligations under the Guarantees by failing to repurchase or replace at least seventy-nine Ineligible Loans, which have a total outstanding balance of principal and accrued interest of not less than $2,002,362.71.

53. As a direct and proximate result of Metro Land LC's, Whitley's, McConley's, Mrs. Whitley's and Mrs. McConley's breach of their respective obligations under the Guarantees, Litchfield has suffered injury and damages resulting from its failure to receive payments of principal and accrued interest in an amount not less than $2,002,362.71 due under the Ineligible Loans, as well as the imposition of attorneys' fees and costs in instituting this action.

WHEREFORE, Plaintiff Litchfield Financial Corporation respectfully requests that this Court enter judgment in its favor and against Defendants Metro Land & Investments, L.C., Jerry P. Whitley, Joseph F. McConley, Dena M. Whitley, and Thyra McConley, jointly and severally, and award damages in an amount not less than $2,002,362.71, together with attorneys' fees, interest, costs and such other and further relief as this Court deems just and proper.

## COUNT III
### Breach Of The Mortgage Note
(Litchfield v. Metro Land LC, Whitley,
McConley, Mrs. Whitley, and Mrs. McConley)

54. Litchfield incorporates by reference, as if set forth at length herein, each and every allegation of paragraphs 50 through 53 of this Complaint.

55. Litchfield has complied with all of its obligations under the Mortgage Note.

56. Metro Land LC, Whitley, McConley, Mrs. Whitley, and Mrs. McConley are in breach of their obligations under the Mortgage Note by failing to pay to Litchfield the outstanding balance of principal and accrued interest of $56,194.05.

57. As a direct and proximate result of Metro Land LC's, Whitley's, McConley's, Mrs. Whitley's and Mrs. McConley's breach of the Mortgage Note, Litchfield has suffered injury and damages resulting from its failure to receive payment of the outstanding balance of principal and accrued interest in the amount of $56,194.05 due under the Mortgage Note, as well as the imposition of attorneys' fees and costs in instituting this action.

WHEREFORE, Plaintiff Litchfield Financial Corporation respectfully requests that this Court enter judgment in its favor and against Defendants Metro Land & Investments, L.C., Jerry P. Whitley, Joseph F. McConley, Dena M. Whitley, and Thyra McConley, jointly and severally, and award damages in an amount not less than $56,194.05, together with attorneys' fees, interest, costs and such other and further relief as this Court deems just and proper.

## COUNT IV
### Breach Of The Forbearance Agreement
(Litchfield v. Metro Land,
Metro Land LC, McConley, and Thyra McConley)

58. Litchfield incorporates by reference, as if set forth at length herein, each and every allegation of paragraphs 54 through 57 of this Complaint.

241285

59. Litchfield has complied with all of its obligations under the Forbearance Agreement.

60. Metro Land, Metro Land LC, McConley, and Thyra McConley are in breach of their obligations under the Forbearance Agreement by failing to sell the Pate Ranch or the Brown Estate Ranch and to deliver the proceeds of those sales to Litchfield.

61. As a direct and proximate result of Metro Land, Metro Land LC, McConley, and Thyra McConley's breach of the Forbearance Agreement, Litchfield has suffered injury and damages resulting from its failure to receive payments of not less than $415,000.00 under the terms of the Forbearance Agreement.

WHEREFORE, Plaintiff Litchfield Financial Corporation respectfully requests that this Court enter judgment in its favor and against Defendants Metro Land & Investments, L.C., Jerry P. Whitley, Joseph F. McConley, Dena M. Whitley, and Thyra McConley, jointly and severally, and award damages in an amount not less than $415,000.00, together with attorney's fees, interest, costs and such other and further relief as this Court deems just and proper.

Dated: June 20, 2001

THE PLAINTIFF, LITCHFIELD
FINANCIAL CORPORATION

By: _____
Jeffrey L. McCormick
Robinson, Donovan, Madden & Barry, P.C.
1500 Main Street
Springfield, Massachusetts 01115-5609
Phone (413) 732-2301 Fax (413) 7854658
BBO No. 329740

Of Counsel:
Paul McDonald
Bernstein, Shur, Sawyer & Nelson, P.A.
100 Middle Street, West Tower
Portland, Maine 04104-4166
(207) 774-1200

241285